1  JUSTICE LAW GROUP
   Cameron J. Gharabiklou, Esq. (Bar No. 249189)
2  Nicholas J. Lewis, Esq. (Bar No. 253433)
   530 B Street, Suite 1530
3  San Diego, CA 92101
   Tel: (858) 412-0019
4  Fax: (619) 568-3341

5

6  FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC
   Robert M. Foote (*pro hac vice to be filed*)
   Kathleen C. Chavez (*pro hac to be filed*)
7  Kevin P. Noll (*pro hac vice to be filed*)
   10 West State Street, Suite 200
8  Geneva, IL 60134
   Tel: (630) 232 7450
9  Fax: (630) 232 7452

10 *Attorneys for Defendant*

11                 UNITED STATES DISTRICT COURT
12                SOUTHERN DISTRICT OF CALIFORNIA

13 **ROBERT K. WALLS, individually,** )    **Case No.: 16CV0242 WQHJLB**
                                      )
14              **Plaintiff**         )    **MEMORANDUM IN SUPPORT**
15         **vs.**                    )    **OF MOTION TO DISMISS**
                                      )    **PURSUANT TO**
16 **UNIRADIO CORP., a California**   )    **RULE 12(b)(1) and (6)**
17 **Corporation,**                   )
                                      )
                **Defendant.**        )    **Date: Request for Date Pending**
18                                    )
19 _____   )

20

21        Defendant UNIRADIO CORP. ("UNIRADIO" or "DEFENDANT"), by its

22 undersigned counsel, respectfully requests this Honorable Court dismiss Plaintiff's

23 COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FROM COPYRIGHT

24 INFRINGEMENT ("COMPLAINT") with prejudice pursuant to Federal Rules of Civil

25

26 Procedure Rule 12(b)(1) and (6). In support, UNIRADIO states as follows:

27

28

## I.  __INTRODUCTION__

Plaintiff filed this copyright infringement lawsuit against the wrong party, under the wrong law and in the wrong jurisdiction. Plaintiff (an Australian citizen), filed this copyright infringement action challenging the alleged use of a purportedly copyrighted image ("Image") in connection with a Mexicali, Mexico, Spanish language news story that was run on March 11, 2015 on a Mexican news website. (Complaint ¶19, incorporating Exhibit 2)

Readily available and easily accessible public records clearly establish that the Mexican news website is a service offered by a decades-old Mexican media corporation with its headquarters and operations in Tijuana, Mexico. Mexico has subject matter jurisdiction over this dispute; United States law is not applicable and this Court has no jurisdiction to adjudicate Plaintiff's claim. Therefore, it must be dismissed pursuant to Federal Rules of Civil Procedure Rule 12 (b)(1).

Dismissal with Prejudice is further warranted under Federal Rules of Civil Procedure, Rule 12(b)(6) because Plaintiff failed to allege sufficient facts to state a claim against Defendant upon which relief can be granted.  Plaintiff's deficient pleading is essentially just a rote recitation of the elements of a copyright infringement claim under United States copyright law, 17 U.S.C.§101, *et seq.*  Plaintiff fails to allege sufficient facts establishing his ownership of copyrights in the Image at issue (Exhibit 1) and does not allege a single fact that Defendant had access to, copied, displayed, published or otherwise used the image. Plaintiff's Complaint does not contain facts

sufficient to state a cause of action against Defendant upon which relief may be granted and is therefore appropriately dismissed pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6).

## II.   <u>ARGUMENT</u>

Plaintiff's Complaint is a factual desert. Out of a total of 28 allegations, the chart below illustrates that only the following 8 paragraphs contain factual allegations (as opposed to a recitation of legal elements or conclusory allegations):

| Paragraph # | Summary of Factual Allegations | Relevance |
|---|---|---|
| 5 | Alleges defendant is a business entity, incorporated in the state of California and with its principal place of business in California | Jurisdiction and Venue |
| 8,9,11, 14, | Plaintiff resides in Australia, is a professional photographer is a copyright owner | Damages |
| 15 | Plaintiff took the Image attached as Exhibit 1 | Copyright |
| 17 | Plaintiff registered the Image with the United States Copyright Office under registration number VA 1-789-507 | Copyright |
| 20 | Defendant used the image on its business websites from March 11, 2015 to the present, see Screenshots of Defendant's use of the Image –Exhibit 2 | Use |

The above chart illustrates that a single allegation (Complaint ¶20), and the Exhibit it incorporates summarizes the entirety of the conduct Plaintiff is challenging. The very same allegation, however, establishes that this Court lacks subject-matter jurisdiction and should dismiss the Complaint pursuant to Rule 12(b)(1). Moreover, as the chart above illustrates, there are only 3 allegations in the entire Complaint that have any potential relevance in establishing copyright infringement. Those three allegations are

simply insufficient to meet even the most minimalist pleading standard. Plaintiff's

Complaint should be dismissed under Rule 12(b)(6) because he fails to adequately plead

facts of ownership of a valid copyright and copying of the protected aspects of the work

by Defendant. *See Ellison v. Robertson,* 357 F.3d 1072, 1076 (9th Cir.2004)

**A. Lack of Subject-Matter Jurisdiction Requires Dismissal Under Federal Rules of Civil Procedure 12(b)(1)**

This Court does not have subject matter jurisdiction over a dispute between an

Australian citizen and a Mexican corporation for conduct that occurred in Mexico.

Plaintiff sets forth the challenged conduct he asserts gives rise to his copyright

infringement claims in ¶ 20 of the Complaint, which incorporates Exhibit 2 as

Defendant's alleged "use." Exhibit 2 consists of two copies of incomplete and

unauthenticated screenshots from news websites that are owned and operated by the

well-established Mexican news media company Uniradio S.A. de C.V.  ("Uniradio

Mexico"), Gral. Manuel Márquez de León No. 950 Zona Río Tijuana, B.C., 22010 .The

screenshots purport to establish that the Image at issue in the lawsuit was displayed, in

connection with a news story run on March 11, 2016, on the Spanish language Mexican

news website serving Mexicali, Mexico, which is owned and operated by Uniradio

Mexico. Conspicuously, the screenshot of www.unimexicali.com is incomplete and the

part that is missing from the screenshot is the bottom-half of the page that advises that

the website is a news service provided by Uniradio Mexico and Uniradioinforma.com.

Exhibit 2 does not connect Defendant in any way to the challenged conduct; rather, it

4

establishes that the entire basis for Plaintiff's claim is challenged conduct occurring outside of this Court's jurisdiction- in Mexico and in connection with a Mexican owned news website serving a Mexicali, Mexico demographic.

**B. Dismissal is Appropriate Pursuant to Federal Rules of Civil Procedure 12 (b)(6)**

In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It is not sufficient for a complaint to "plead […] facts that are 'merely consistent with' a defendant's liability." *Id.* (quoting *Twombly*, 555 U.S. at 557). Furthermore, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Although the Court must accept factual allegations in a complaint as true, it "[is] not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

In order to set forth a copyright infringement claim, a plaintiff must show that (1) he owns a copyright in a work and (2) defendant copied protected elements of the work.

5

*See Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.,* 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991); *Morris v. Young,* 925 F. Supp. 2d 1078, 1082 (C.D. Cal. 2013); *Swirsky v. Carey,* 376 F.3d 841, 844 (9th Cir. 2004), *as amended on denial of reh'g* (Aug. 24, 2004) (emphasis added).  Plaintiff established neither requisite element.

**1. Plaintiff Fails to Allege Sufficient Facts of Copyright Ownership**

Plaintiff must allege sufficient facts establishing ownership of a valid copyright. 17 U.S.C. § 411(a). It is an essential element of a copyright infringement claim. Plaintiff's Complaint is peppered with conclusory allegations that he has "ownership and copyrights to the image," but he only offers the following two facts that are together insufficient to adequately plead requisite copyright: (1) he took the Image (Complaint ¶15) and (2) he registered the Image with the United States Copyright Office under registration number VA 1-789-507.

Plaintiff alleges that he "took" the Image in Exhibit 1, an unauthenticated rather standard looking image of a wine glass, (Complaint ¶ 15), he fact that Plaintiff "took" the Image is so vague that it establishes nothing.  Plaintiff does not allege any facts indicating how he "took" the image (by what methods), where, how, when or for what purposes the original image was created. The Complaint also does not allege Plaintiff independently created the image. It simply attaches an Image and alleges Plaintiff "took" the image and registered the image under registration number VA 1-789-507.

The reference to a certificate of registration, while more specific than the unauthenticated Image, here also fails to carry the Plaintiff's pleading burden. *See* Exhibit A (certificate of registration). As with the incomplete screenshot, the failure of Plaintiff to attach a copy of the certificate of copyright registration is suspect and some courts have dismissed pleadings that failed to incorporate the certificate of copyright registration. *See DiMaggio v. Int'l Sports Ltd.,* No. 97 Civ. 7767(HB), 1998 WL 549690, at *2 (S.D.N.Y. Aug. 31, 1998); *Kelly v. L.L. Cool J,* 145 F.R.D. 32, 36 (S.D.N.Y.1992); *Vargas v. Pfizer, Inc.*, 418 F. Supp. 2d 369, 373 (S.D.N.Y. 2005).

This Court should either dismiss this case based on a failure to attach the copyright certificate, or it should consider the contents of the certificate number alleged in Plaintiff's Complaint, since the existence of a valid copyright is an essential element of a copyright infringement claim and can therefore be considered in deciding a Rule 12(b)(6) motion. Here, the contents of the certificate of copyright registration, number VA 1-789-507, does in fact contain important information, such as:

1) Title: "7 Published Images of Pouring Red Wine & Glass";

2) Under the section "contents" there are a number of different letters and numbers, as well as the word "Copy";

3) It is categorized as "Visual Material" and there is no indication whether the 7 images are a collection or have been arranged in a manner that constitutes a single work with various constituent parts;

7

4)  Date of first publication: July 11, 2005

5)  Date of creation: 2005;

6)  Date of May 9, 2011; and

7)  Nation of First Publication: United Kingdom.

The contents listed above raise a number of questions regarding the validity of the alleged copyright. The work is not a U.S. work and it was first published in the United Kingdom in 2005.  The certificate of copyright registration was issued on May 9, 2011, more than 5 years from the date of first publication and therefore does not convey presumptive validity on the copyright. The Copyright Act provides that a "certificate of a [copyright] registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright." 17 U.S.C. § 410 (c); *Entm't Research Group, Inc. v. Genesis Creative Group, Inc.,* 122 F. 3d 1211, 1218 (9th Cir. 1997; *Lamps Plus, Inc., v. Seattle Lighting Fixture Co.,* 345 F.3d. 1140, 1144 (9th Cir. 2003). Since it was not issued within five years of first publication, it is not prima facie evidence of the validity of the copyright and therefore additional allegations supporting the existence of a valid copyright are required. Plaintiff provided none.

Additionally, the "Title" on the certificate of copyright registration suggests that either a collection of Images was registered or a single work made up of various parts (seven published images).17 U.S.C. § 101.  (" a work formed by the collection and

8

assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship.")  If the Image was included as a single image copyrighted as part of a collective work, a different analysis of the validity of the copyright is applicable, than would be applicable if the image was a constituent part of a single original work. For example, it is long-established that, "The mere fact that a work is copyrighted does not mean that every element of the work may be protected. Originality remains the *sine qua non* of copyright." *Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 348, 111 S. Ct. 1282, 1289, 113 L. Ed. 2d 358 (1991). Therefore, additional facts are required.

Importantly, there are no images associated with the certificate of registration and the only way to verify whether the Image in Exhibit 1 is actually a part of the registration would be to view the certified deposit records from the United States Copyright Office. Plaintiff did not attach such deposit records. Although not required to attach the deposit records to the Complaint, if the Image is in the deposit records, Plaintiff could have had some factual support for his allegations of ownership of a valid copyright in the Image. Further, even when a federal certificate of copyright registration is attached to a complaint, if the federal certificate of copy right "does not provide sufficient detail to identify the covered images," courts have required more. *See Alaska Stock, LLC v. Pearson Educ., Inc.*, 975 F. Supp. 2d 1027 (D. Alaska 2013) (finding certificate of registration inadequate where, each certificate merely provides a series of numbers and

letters as the "Title of Work," and lists "photograph(s)" as the work created by the author.) Here, Plaintiff's Complaint is bare bones, and fails to provide any factual detail to support his legal conclusions of ownership or the existence of a federal copyright registration.

2. **Plaintiff Failed to Allege Defendant had Access to, Copied, Published Displayed or Otherwise Used the Image at Issue.**

Plaintiff alleges that UNIRADIO is a proper party to this cause of action without alleging a single fact connecting UNIRADIO to the Image, the website that purportedly displayed the image or otherwise setting forth how UNIRADIO allegedly accessed, used or infringed upon Plaintiff's allegedly copyrighted Image. *See generally* Complaint. Instead, Plaintiff merely states, as a legal conclusion, that UNIRADIO violated Plaintiff's copyrights, and references an unauthenticated and incomplete screen shot purportedly from www.unimexicali.com. *See* Plaintiff's Exhibit 2. Plaintiff does not allege UNIRADIO owns the website. *See generally* Complaint.  In fact, Plaintiff's own complaint suggests that Plaintiff is unsure if Defendant is the proper party to this cause of action. Plaintiff's complaint merely states "Plaintiff is informed and believes, and thereon alleges, that Defendant is a business entity that unlawfully published Plaintiff's copyrighted works ..." *Id.* at ¶ 3. However, Plaintiff never alleges any facts sufficient to explain how Plaintiff arrived at this legal conclusion. *See generally Id.*  The only fact supporting finding that the Image may have been used is the unauthenticated

and incomplete screenshots in Plaintiff's Exhibit 2, from a website Plaintiff cannot, and does not, allege to be owned, controlled, or otherwise related to UNIRADIO.

In addition to failing to allege any facts connecting UNIRADIO to the website www.unimexicali.com, Plaintiff's Complaint fails to allege *any* facts establishing UNIRADIO had any access to or copied the Image at issue in this litigation. Proof of access requires "an opportunity to view or to copy plaintiff's work." *Three Boys Music Corp. v. Bolton,* 212 F.3d 477, 482 (9th Cir.2000) (quoting *Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.,* 562 F.2d 1157, 1172 (9th Cir.1977)). "To prove access, a plaintiff must show a reasonable possibility, not merely a bare possibility, that an alleged infringer had the chance to view the protected work." *Art Attacks Ink, LLC v. MGA Entm't Inc.,* 581 F.3d 1138, 1143 (9th Cir.2009). *L.A. Printex Indus., Inc. v. Aeropostale, Inc.,* 676 F.3d 841, 846 (9th Cir. 2012), *as amended on denial of reh'g and reh'g en banc* (June 13, 2012). The Ninth Circuit defines a reasonable opportunity as "more than a 'bare possibility'." *Three Boys Music Corp. v. Bolton,* 212 F.3d 477, 481 (9th Cir.2000) (quoting *Jason v. Fonda,* 698 F.2d 966, 967 (9th Cir.1982)).

Plaintiff's Complaint does not allege: where the Image is available for viewing, when it was available for viewing, what format the Image is available to be viewed in or any other facts establishing access or copying. If the Image is in digital form, there should be some metadata associated with the image and other means of tracking its use electronically. Plaintiff does not allege whether Defendant had access to a digital

version, scanned a physical copy, or by what means or method Defendant was able to publish or display the image. It is not enough for Plaintiff to make the vague and conclusory allegation that copying occurred; rather, Plaintiff must specify how UNIRADIO could have accessed the Image, as well as specific facts regarding copying. *Media.net Advert. FZ-LLC v. NetSeer, Inc.,* No. 14-CV-03883-EMC, 2016 WL 141707, at *11 (N.D. Cal. Jan. 12, 2016).

### III.   CONCLUSION

For all the foregoing reasons, Defendant respectfully request that the Court dismiss Plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).

Dated:        March 7, 2016            Respectfully submitted,

UNIRADIO, CORP.

By: /s/Cameron J. Gharabiklou

JUSTICE LAW GROUP
Cameron J. Gharabiklou, Esq. (Bar No. 249189)
Nicholas J. Lewis, Esq. (Bar No. 253433)
530 B Street, Suite 1530
San Diego, CA 92101
Tel: (858) 412-0019
Fax: (619) 568-3341

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I, Cameron J. Gharabiklou, an attorney, certify that the foregoing document was electronically filed with the Court's CM/ECF system, which will send automatic notification to the following counsel of record:

Naomi M. Sarega, Esq.
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418


By: /s/Cameron J. Gharabiklou

13