# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT K. WALLS, individually,<br><br>Plaintiff,<br>vs.<br>UNIRADIO CORP., a California Corporation,<br><br>Defendants. | CASE NO. 16cv0242 WQH (JLB)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the motion to dismiss (ECF No. 5) filed by the Defendant.

## I. Procedural Background

On January 29, 2016, Plaintiff Robert K. Walls filed the Complaint against Defendant Uniradio Corp. ("Uniradio"), a California Corporation, pursuant to the Copyright Act, Title 17 of the U.S. Code. (ECF No. 1). On March 7, 2016, Defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 5). On March 24, 2016, Plaintiff filed an opposition. (ECF No. 12). On April 4, 2016, Defendant filed a reply. (ECF No. 13).

## II. Allegations of the Complaint

Plaintiff seeks "damages and injuncti[ve] relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101. Plaintiff alleges that "the

defendant violated plaintiff's exclusive rights as copyright owner pursuant to 17 U.S.C. § 106." (ECF No. 1 at 2). Plaintiff, a "natural person . . . in Australia," alleges that "[t]his Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a)." *Id.* at 2-3. Plaintiff alleges that

> Defendant is a business entity incorporated in the State of California, Defendant's principal place of business is in the State of California, Defendant's acts of infringement complained of herein occurred in the State of California, and Defendant has caused injury to Plaintiff in his intellectual property within the State of California.

*Id.* at 2.

The Complaint alleges that Plaintiff "took the original Image" (the "Image"), that Plaintiff "has ownership and copyrights to the Image," and that Plaintiff "has registered the image with the United States Copyright Office." *Id.* at 4. The Complaint alleges "that Defendant used the Image on its business websites from March 11, 2015 to the present" and that Plaintiff "did not consent to authorize, permit, allow in any manner the use of the Images by Defendant." *Id.* The Complaint alleges that Defendant "willfully infringed upon Plaintiff's copyrighted works in violation of Title 17 of the U.S. Code, in that it published, communicated, benefitted through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique work of the Plaintiff's . . . and acquired monetary gain and market benefit as a result." *Id.* at 5. Plaintiff attaches Plaintiff's original version of the Image (Exhibit 1) and screen shots of the Image displayed on the website, www.unimexicali.com (Exhibit 2). (ECF No. 1-2 at 2-4). Plaintiff also attaches a copy of Plaintiff's registration of the Image with the Copyright Office. (ECF No. 1-3 at 1).

The Complaint alleges that Plaintiff has the right to "statutory damages in an amount up to $150,000 for each infringement pursuant to 17 U.S.C. § 504(c)," the "cost of litigation and reasonable attorney's fees, pursuant to 17 U.S.C. § 505," and injunctive relief "[e]njoining the Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. §502." (ECF No. 1 at 5).

### III. Legal Standard

Rule 12(b)(1) of the Federal Rule of Civil Procedure allows a defendant to move for dismissal on grounds that the court lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). The burden is on the plaintiff to establish that the court has subject matter jurisdiction over an action. *Assoc. of Med. Colls. v. United States,* 217 F.3d 770, 778-779 (9th Cir. 2000). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In this case, Plaintiff asserts that, "[t]his Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a)." (ECF No. 1 at 2). Defendant asserts that Plaintiff has not alleged facts in the Complaint sufficient to connect this Defendant to the alleged copyright infringement. This Court considers only Defendant's facial attack on subject matter jurisdiction.[1]

### IV. Contentions of the Parties

Defendant contends that Plaintiff filed this copyright infringement lawsuit against the wrong party. Defendant asserts that the Complaint alleges that the Image was used "in connection with a Mexicali, Mexico, Spanish language news story . . . on a

---

[1] The Court considers facts alleged in the Plaintiff's Complaint and the exhibits attached to the Complaint.

1  Mexican news website" and that this "website is a service offered by a decades-old
2  Mexican media corporation with its headquarters and operations in Tijuana, Mexico."
3  (ECF No. 5-1 at 2). Defendant contends that the Complaint does not in any way
4  connect Defendant to the copyright infringement by the Mexican corporation.
5  Defendant further contends that "[p]laintiff fails to allege sufficient facts establishing.
6  . . that Defendant had access to, copied, displayed, published or otherwise used the
7  image." *Id.* at 2. Defendant asserts that it is "a completely distinct legal entity from"
8  the corporation responsible for the alleged copyright infringement. *Id.*

9  Plaintiff contends this Court has subject matter jurisdiction under federal question
10 jurisdiction because a copyright claim is a federal matter.[2] Plaintiff asserts that he
11 alleged sufficient facts establishing ownership of a valid copyright because the
12 Complaint contained references to Plaintiff's Certificate of Copyright Registration
13 number regarding the Image. Plaintiff asserts that "the court is likely to find that
14 Unimexicali is that of a Uniradio organization." (ECF No. 12 at 8).

15 **V.  Ruling of the Court**

16 Section 1338(a) provides: "The district courts shall have original jurisdiction of
17 any civil action arising under any Act of Congress relating to patents, plant variety
18 protection, copyrights and trademarks." 28 U.S.C. § 1338(a). To state a claim for
19 copyright infringement, Plaintiffs must allege: "(1) ownership of a valid copyright, and
20 (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc.*
21 *v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *see also Perfect 10, Inc. v. Cybernet*
22 *Ventures, Inc.*, 167 F. Supp. 2d 1114, 1120 (C.D. Cal. 2001) ("Copyright claims need
23 not be pled with particularity."). The second element requires a plaintiff to allege that
24 "the infringer had access to plaintiff's copyrighted work and that the works at issue are
25 substantially similar in their protected elements." *Cavalier v. Random House, Inc.*, 297
26 F.3d 815, 822 (9th Cir. 2002). "[W]hen the copyrighted work and the alleged

---

28  [2]Plaintiff argues aspects of diversity jurisdiction in its memorandum, however, the Complaint does not rely upon 28 U.S.C. § 1332 for subject-matter jurisdiction based on diversity.

1  infringement are both before the court, capable of examination and comparison,
2  non-infringement can be determined on a motion to dismiss." *Christianson v. West*
3  *Publ'g Co.*, 149 F.2d 202, 203 (9th Cir. 1945).
4    In this case, the Complaint alleges that Plaintiff "took the original Image," that
5  Plaintiff "has ownership and copyrights to the Image," and that Plaintiff "has registered
6  the image with the United States Copyright Office." *Id.* at 4. The Complaint alleges that
7  "that Defendant used the Image on its business websites from March 11, 2015 to the
8  present" and

> willfully infringed upon Plaintiff's copyrighted works in violation of Title 17 of the U.S. Code, in that it published, communicated, benefitted through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique work of the Plaintiff's consent or authority and acquired monetary gain and market benefit as a result.

12  (ECF No. 1 at 5).   The Complaint alleges infringement occurred on www.
13  unimexicali.com.
14    This Court finds that the Complaint fails to allege facts to satisfy the second
15  element of a copyright claim, that the defendant "copied constituent elements of the
16  work that were original." *See Feist Publ'ns, Inc.*, 499 U.S. at 361.   There are no facts
17  in the Complaint to connect this Defendant to the wrongdoings that allegedly occurred
18  on unimexicali.com. Plaintiff attaches to the Complaint, Exhibit 2, a screen shot of the
19  alleged copyright infringement taking place on www.unimexicali.com, a Mexican
20  website, but fails to allege any facts to connect this alleged infringement to Defendant,
21  Uniradio Corp., a California corporation.   Plaintiff fails to meet its burden to establish
22  that the Court has subject matter jurisdiction over this action based upon federal
23  question.
24  ///
25  ///
26  ///
27  ///
28  ///

## VI. Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 5) is granted. The Complaint is dismissed without prejudice. No later than fourteen (14) days from the date this Order is filed, Plaintiff may file a motion to file an amended complaint. If Plaintiff does not file a motion to file an amended complaint within fourteen days, the Court will order this case to be closed.

DATED: June 30, 2016

**WILLIAM Q. HAYES**
United States District Judge