1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| ROBERT K. WALLS, individually, | CASE NO. 16cv242-WQH-JLB |
| Plaintiff, | ORDER |
| v. | |
| UNIRADIO CORP., a California Corporation, | |
| Defendant. | |

15  HAYES, Judge:

16      The matter before the Court is the motion to dismiss filed by Defendant.  (ECF

17  No. 21).

18  **I. Procedural Background**

19      On January 29, 2016, Plaintiff Robert K. Walls filed a complaint against

20  Defendant Uniradio Corp. ("Uniradio"), a California corporation, pursuant to the

21  Copyright Act, Title 17 of the U.S. Code.  (ECF No. 1).  On March 7, 2016, Defendant

22  filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and

23  12(b)(6).  (ECF No. 5).  On June 30, 2016, the Court dismissed the complaint without

24  prejudice on the grounds that Plaintiff failed to establish federal question subject matter

25  jurisdiction.  (ECF No. 14).

26      On August 24, 2016, Plaintiff filed the first amended complaint ("FAC").  (ECF

27  No. 20).  On September 14, 2016, Defendant filed a motion to dismiss for failure to

28  state a claim.  (ECF No. 21).   On October 10, 2016, Plaintiff filed a response in

1   opposition.  (ECF No. 22).

2   **II. Allegations of the Complaint**

3       Plaintiff seeks "damages and injunct[ive] relief for copyright infringement under

4   the Copyright Act of the United States, 17 U.S.C. § 101." (ECF No. 20 at 2).  Plaintiff

5   alleges that Defendant "violated plaintiff's exclusive rights as copyright owner pursuant

6   to 17 U.S.C. § 106." *Id.*

7       Plaintiff alleges that he "took the original Image", "has ownership and copyrights

8   to the Image", and "has registered the Image with the United States Copyright Office

9   under registration number VA 1-789-507." *Id.* at 4.  Plaintiff includes a copy of the

10  alleged original image of a wine glass with the FAC.  (Exhibit A, ECF No. 20-1 at 2).

11  Plaintiff alleges that he "did not consent to authorize, permit, allow in any manner the

12  use of Images by Defendant." *Id.*

13      Plaintiff alleges that "Defendant willfully used Plaintiff's copyrighted works

14  without his permission and that it published, communicated, benefitted through, posted,

15  publicized and otherwise held out to the public for commercial benefit, the original and

16  unique work of Plaintiff without Plaintiff's consent or authority, and acquired monetary

17  gain and market benefit as a result." *Id.*  Plaintiff alleges that "UniMexicali, and it's

18  [sic] respective website, www.unimexicali.com, is a portal for news in Mexico, as

19  provides as a service by Defendant." *Id.*  Plaintiff includes screenshots of internet

20  webpages to support the alleged association between UniMexicali and Uniradio with

21  the FAC.  (Exhibit B, ECF No. 20-1 at 3-5).  Plaintiff alleges that "Defendant used the

22  Image on the business website, www.unimexicali.com, from March 11, 2015 to the

23  present. (ECF No. 20 at 4-5).  Plaintiff includes screenshots of Defendant's alleged use

24  of the image on the UniMexicali website with the FAC.  (Exhibit C, ECF No. 20-1 at

25  7-9).

26  **III. Contentions of the Parties**

27      Defendant contends that the Court should dismiss the FAC for failure to state a

28  claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendant contends that

1   Plaintiff fails to allege facts connecting Defendant to the image or the UniMexicali

2   website that allegedly displayed the image.  Defendant contends that Plaintiff fails to

3   allege facts as to how Defendant accessed, used or infringed upon Plaintiff's

4   copyrighted image.  Defendant contends that the FAC does not allege facts establishing

5   that Defendant had access to or copied the image and does not allege sufficient facts to

6   establish ownership of a valid copyright certificate.[1]

7   Plaintiff contends that the FAC alleges sufficient facts to state a claim for

8   copyright infringement.  Plaintiff contends that the FAC alleges sufficient facts to

9   establish that Defendant had access to, copied, published, or otherwise used the image

10  at issue.  Plaintiff contends that he alleges facts sufficient to establish Defendant's

11  connection to UniMexicali.  Plaintiff contends that the FAC alleges facts sufficient to

12  infer ownership of a valid copyright.

13  **IV. Legal Standard**

14  Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state

15  a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Federal Rule of

16  Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must

17  contain . . . a short and plain statement of the claim showing that the pleader is entitled

18  to relief."  Fed. R. Civ. P. 8(a)(2).  "A district court's dismissal for failure to state a

19  claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a

20  cognizable legal theory or the absence of sufficient facts alleged under a cognizable

21  legal theory.'"  *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011)

22  (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

23  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

24  requires more than labels and conclusions, and a formulaic recitation of the elements

25  of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

---

27  [1] Plaintiff provides a copy of the certificate of registration for number VA 1-789-507 in the response in opposition to the motion to dismiss.  (Exhibit F, ECF No. 22-1

28  at 12).  Plaintiff does not request that the Court take judicial notice of these documents. The Court does not consider evidence beyond the pleadings on this 12(b)(6) motion. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

(quoting Fed. R. Civ. P. 8(a)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation omitted).  "As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

**V. Discussion**

To state a claim for copyright infringement, a plaintiff must allege: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  The second element requires a plaintiff to allege that "the infringer had access to plaintiff's copyrighted work and that the works at issue are substantially similar in their protected elements." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002).

Plaintiff alleges, "Defendant is a business entity that unlawfully published Plaintiff's copyrighted works without Plaintiff's express or implied authority, by the method of a license."  (ECF No. 20 at 3).  Plaintiff alleges that "Defendant used the Image on its business website, www.unimexicali.com." *Id.* at 4.  Plaintiff alleges that

the named defendant, Uniradio Corp., is a California corporation that resides and conducts business in the City of San Diego.  *Id.* at 1,3.  To establish a connection between Defendant and the alleged reproduction of the image on www.unimexicali.com, Plaintiff alleges that, "UniMexicali, and its respective website, www.unimexicali.com, is a portal for news in Mexico, as provided as a service by Defendant."  *Id.* at 4.  The Exhibits in the FAC include screenshots from various websites referencing both Uniradio and Unimexicali.[2]  (ECF 20-1).  Construed in the light most favorable to Plaintiff, Plaintiff alleges facts sufficient to support a reasonable inference that Defendant is responsible for the alleged use of any copyrighted image on the UniMexicali website.

To satisfy the first requirement to allege ownership of a valid copyright, Plaintiff alleges that he is a photographer that took the original image, has ownership and copyrights to the image, and has registered the image with the United States Copyright Office under registration number VA 1-789-507.   (ECF No. 20 at 4).  The Court concludes that the FAC alleges facts that when accepted as true are sufficient to support an inference that Plaintiff is the holder of a valid copyright.

To state his claim for copyright infringement, Plaintiff must allege that Defendant had access to the image and that the images are substantially similar in their protected elements.   Plaintiff alleges that Defendant "used the image" and that Defendant "intentionally reproduced the Image" and attaches a copy of both the alleged original image and the image allegedly reproduced by Defendant, which appear nearly identical.  The Court concludes that the FAC alleges facts sufficient to state a plausible claim for copyright infringement.  *See Baxter v. MCA, Inc.*, 812 F.2d 421, 423-24 (9th Cir. 1987) ("Absent evidence of access, a 'striking similarity' between the works may give rise to a permissible inference of copying.").

---

[2] One webpage, www.unimexicali.com/inicio states, "UniMexicali es un portal de noticias en Mexicali Baja California Mexico.  Es un servicio de Uniradio."  (ECF No. 20-1 at 5).

## VI. Conclusion

IT IS HEREBY ORDERED that the motion to dismiss filed by Defendant is DENIED. (ECF No. 21).

DATED: January 3, 2017

**WILLIAM Q. HAYES**
United States District Judge